UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MJ HOFFMAN AND ASSOCIATES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-10447-LTS |
| COMMUNICATION SALES TECHNIQUES, LLC, and TIMOTHY HALLER, individually and as a manager of Communication Sales Techniques, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON DEFENDANTS' MOTION TO DISMISS

June 17, 2015

SOROKIN, J.

Plaintiff MJ Hoffman and Associates, LLC ("Plaintiff") filed a complaint in this Court on February 18, 2015, against Defendants Communication Sales Techniques, LLC, and its manager, Timothy Haller ("Defendants") for copyright and trademark infringement. Doc. No. 1. Plaintiff, a company that engages in consulting and training of sales teams and sales executives, owns the rights to the sales training materials at issue in this case, the "Basho Strategies Marketing Presentation," the "Basho Strategies Sales Training Program Intro," and the trademark "WHY YOU? WHY YOU NOW?" Doc. No. 1 ¶¶ 30, 48. The materials and trademark were created by Plaintiff's owner, Morton J. Hoffman. Doc. No. 1 ¶¶ 27, 42, 44.

Plaintiff alleges (1) copyright infringement of Plaintiff's Basho Strategies Marketing Presentation, 17 U.S.C. § 504; (2) copyright infringement of Plaintiff's Basho Strategies Sales

Training Program Intro, 17 U.S.C. § 504; and (3) trademark infringement, 15 U.S.C. § 1114, of the registered trademark "WHY YOU? WHY YOU NOW?"[1]  Doc. No. 1 at 24-27.  For copyright infringement in Counts I and II, Plaintiff seeks statutory damages, attorneys' fees and costs, and prejudgment interest for copyright infringement claims, pursuant to Title 17, sections 502 et seq., 504(c), and 505 of the United States Code.  Doc. No. 1 ¶¶ 112-113, 122-123.  For trademark infringement in Count III, Plaintiff seeks injunctive relief and recovery of Defendants' profits, actual damages, enhanced profits, costs, and attorneys' fees under Title 15, sections 1114, 1116, and 1117.  Doc. No. 1 ¶ 132.

On March 16, 2015, Defendants filed a motion to dismiss Plaintiff's complaint on the grounds that (1) Plaintiff's copyright claims are time-barred by the three-year statute of limitations; (2) Plaintiff does not own the copyright registrations at issue and thus does not have standing to bring copyright infringement claims; (3) Plaintiff cannot prove the copyright damages it alleges; and (4) Plaintiff's trademark infringement claim is unsupportable because Plaintiff is not entitled to trademark protection for its mark and Defendants' mark is not confusingly similar.  Doc. No. 15.  Plaintiff filed a memorandum in opposition to Defendants' motion to dismiss on March 30, 2015.  Doc. No. 16.

**Counts I and II: Copyright Infringement**

In order to bring a valid claim under the Copyright Act, the infringing act must have occurred within three years of the date of accrual.  17 U.S.C. § 507(b).  The date of accrual begins when the plaintiff discovers, or reasonably should have discovered, the infringing acts.  Santa-Rosa v. Combo Records, 471 F.3d 224, 227 (1st Cir. 2006).  Although the complaint

---

[1] Although Plaintiff discusses the similarity between the Plaintiff's mark "WYWYN" and the Defendants' mark "SMYKM," Plaintiff alleges that it is currently registering its mark and plans to amend its complaint once the mark is registered.  Doc. No. 16 at 2.

alleges that Plaintiff first became aware of certain infringing acts sometime in 2010, Doc. No. 1 ¶ 76, acts that plainly appear to fall outside the statute of limitations, the complaint includes allegations of infringing acts that have taken place within the last three years, including a PowerPoint that Plaintiff alleges was posted on Haller's LinkedIn page in April 2014, Doc. No. 1 ¶ 77; Doc. No. 1-12, and information and brochures currently posted on Defendants' website, Doc. No. 1 ¶ 81. Even though the evidence of more recent conduct is not as strong as the alleged conduct barred by the statute of limitations, the recent conduct is sufficient to state a claim for copyright infringement, and thus the claim survives.

Second, Defendants' challenge to Plaintiff's standing to sue is DENIED WITHOUT PREJUDICE in light of the agreement the parties reached to exchange documents on this matter purporting to show Plaintiff's authority. See also Doc. No. 1 ¶ 57.

Third, whether Plaintiff has the ability to prove copyright damages presents issues of fact more amenable to resolution at summary judgment or trial.

**Count III: Trademark Infringement**

Plaintiff alleges that following the registration of the trademark "WHY YOU? WHY YOU NOW?" on May 14, 2013, the trademark was infringed by Defendants' mark "Show Me You Know Me." Doc. No. 1 ¶¶ 30, 62; Doc. Nos. 1-1 and 1-8. Defendants move to dismiss this trademark claim on the grounds that the mark is a slogan which is not entitled to trademark protection, and that Defendants' mark is so dissimilar that it would not cause consumer confusion. Doc. No. 14 at 6-7.

The Court rejects the Defendants' first argument at the pleading stage subject to renewal in a motion for summary judgment. Because "WHY YOU? WHY YOU NOW?" is a registered trademark, the registration is "prima facie evidence of the validity of the registered mark." 15

U.S.C. § 1115(a). Trademarks are categorized along a "spectrum of distinctiveness," ranging from "(1) generic (least distinctive), (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful (most distinctive)." Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 12 (1st Cir. 2008) (footnote omitted). Defendants argue that Plaintiff's mark is a commonly-used phrase or slogan that is not entitled to trademark protection. Doc. No. 15 at 6-7; see, e.g., Am. Dairy Queen Corp. v. RTO, Inc., No. 89 C 8995, 1990 WL 103649, at *2 (N.D. Ill. July 2, 1990) (ruling that "We treat you right" was not "sufficiently distinctive . . . to justify injunctive relief"). The cases Defendants cite for support, however, were decided under preliminary injunction and summary judgment standards, and do not help Defendants overcome the presumption of validity of Plaintiff's registered mark at the pleading stage.

Defendants' second contention is that their mark is so dissimilar to Plaintiff's that it would not cause consumer confusion. An essential element of trademark infringement is "that the allegedly infringing use is likely to cause consumer confusion." Boston Duck Tours, 531 F.3d at 12. Thus, the Plaintiff must plausibly plead in its complaint the likelihood of confusion, which the First Circuit has interpreted as being "more than the theoretical possibility of confusion." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 9-10 (1st Cir. 2012) (quoting Boston Duck Tours, 531 F.3d at 12). "Likely confusion" means "the allegedly infringing conduct must create 'a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care.'" Id.

Assessing likely confusion is a fact-bound inquiry guided by the eight factors set forth in Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 487 (1st Cir. 1981), one of which is the similarity of the marks. Peoples Fed. Sav. Bank, 672 F.3d at 10. To evaluate the similarity of the marks, courts consider their "sound, appearance, and meaning." Women,

4

Action & the Media Corp. v. Women in the Arts & Media Coal., Inc., No. 13-10089-RWZ, 2013 WL 3728414, at *5 (D. Mass. July 12, 2013) (quoting Volkswagenwerk Aktiengesellschaft v. Wheeler, 814 F.2d 812, 817 (1st Cir.1987)). Regarding the similarity of the marks, Plaintiff alleges only that Defendants' mark "Show Me You Know Me" and Plaintiff's mark "WHY YOU? WHY YOU NOW?" "both have five words, the words in each mark average three letters, and they contain repeating words." Doc. No. 1 ¶ 97. Considering these allegations, in light of all the facts alleged by Plaintiff, Plaintiff has failed to plead adequately that these marks are similar. The marks do not sound similar, the five-word strings have only one word in common, "you," they appear in different fonts with different sized letters (Plaintiff's is in all capital letters), and each has a different focus ("you" as opposed to "me") and meaning.

Furthermore, "[p]revention of confusion is [] the touchstone of trademark protection." Dorpan, S.L. v. Hotel Melia, Inc., 728 F.3d 55, 61 (1st Cir. 2013). Where the alleged infringer has not created any likelihood of confusion, there is no impairment of the plaintiff's trademark. Id. Merely selling the same product is not dispositive. Bear Republic Brewing Co. v. Cent. City Brewing Co., 716 F. Supp. 2d 134, 147, 151 (D. Mass. 2010) (denying a preliminary injunction motion despite the fact that the goods offered by the parties were "the same"). Although "[l]ikelihood of confusion is a question of fact. . . [if] an inference of likelihood of confusion would clearly be unreasonable, that is, that no reasonable factfinder could find a likelihood of confusion on any set of facts that Plaintiffs could prove, then Defendants will have shown that confusion is unlikely as a matter of law." Qwest Commc'ns Int'l v. Cyber-Quest, Inc., 124 F. Supp. 2d 297, 304 (M.D. Pa. 2000). Plaintiff has not plausibly alleged facts to suggest that Defendants' mark "Show Me You Know Me" is likely to create confusion with Plaintiff's mark

"WHY YOU? WHY YOU NOW?" Therefore, Defendants' motion to dismiss Plaintiff's trademark claim is ALLOWED.

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 14) is DENIED in part and ALLOWED in part. Plaintiff shall file, within ten days, either (a) an amended complaint conforming to the Court's Order or (b) a motion to amend insofar as they seek to assert additional claims beyond those allowed by the Court. In either case, Defendants' response to Plaintiff's filing is due ten days thereafter.

SO ORDERED.

　/s/ Leo T. Sorokin　
Leo T. Sorokin
United States District Judge